**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| ALANA R. HOLSTED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-07-0559-HE |
| | ) | |
| CHASE BANK, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Defendant has moved to dismiss the complaint based on plaintiff's failure to set out a basis for the exercise of jurisdiction by this court and to state a claim upon which relief can be granted. The motion was filed on July 2, 2007, and a copy served by mail on plaintiff. No response to the motion has been filed.

In determining whether a complaint should be dismissed for failure to state a claim, the question is whether, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the non-moving party, the complaint contains "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1968-69, 1974 (2007); MacArthur v. San Juan County, ___F.3d___, 2007 WL 2045456 (10th Cir. 2007). The plaintiff in this case is proceeding *pro se* and her complaint is therefore read more liberally than one composed by lawyers. Haines v. Kerner, 404 U.S. 519, 521 (1972). However, even applying this liberal pleading standard, the court is unable to discern either a valid basis for the exercise of federal jurisdiction or a plausible basis for stating a claim.

The complaint apparently is a response to a letter from Chase Home Finance LLC to plaintiff and William E. Holsted, advising them of notice of default and opportunity to cure as

to a mortgage loan.[1] The letter indicates that plaintiff had previously been involved in a Chapter 7 bankruptcy proceeding, but that Chase Home Finance LLC was pursuing its rights as to the collateral securing the loan. Beyond that, little can be determined from the language of the complaint (entitled "Petition for Libel of Review of Completed Administrative Process"). The complaint is a loosely connected series of legal phrases and legal jargon, drawing on, among other things, admiralty law, various provisions of commercial law relating to bills of lading and the dishonor of instruments, and defendant's alleged non-compliance with an administrative procedure, apparently designed by plaintiff, the parameters of which are unclear. The underlying circumstances of this case, to the extent they can be determined, do not involve any aspect of maritime or admiralty law, nor is any other federal claim apparent from the complaint.[2] The description of the parties as "U. S. vessels" complicates the usual analysis as to whether, based on the citizenship of the parties, diversity jurisdiction may exist. However, even assuming a showing of citizenship in different states is possible or plausible, the allegations do not show a basis for concluding that an amount in excess of the jurisdictional amount is plausibly sought.[3] Further, even if jurisdiction was deemed to exist, the allegations of the complaint do not state a basis for claim on any theory the court can identify. It would appear

---

[1]*What appears to be a partial copy of a letter dated November 14, 2006, is attached to plaintiff's complaint.*

[2]*The complaint refers to several criminal statutes, which are not a basis for asserting federal question jurisdiction in a civil case.*

[3]*The Chase letter indicates the claimed default may be cured for $4,559.84. Although the complaint references a damages claim of $12,801,400.56, there is nothing in the complaint which even hints at a basis for such a claim.*

that, if plaintiff has valid objections to an effort by Chase Home Finance LLC to foreclose on property in which plaintiff has an interest, those objections would be best raised in the foreclosure proceeding.  In any event, the complaint does not state a basis for relief here.

Accordingly, the court having concluded that the complaint makes neither a sufficient showing of jurisdiction in this court nor a sufficient showing of a basis for claim, the defendant's motion to dismiss [Doc. #14] is **GRANTED**.  The complaint is **DISMISSED**. In the event plaintiff believes the defects in the complaint are curable by amendment, the plaintiff may seek leave to file an amended complaint, which motion for leave shall have the proposed amended complaint attached to it and which shall be filed within **twenty (20) days** from entry of this order.  Absent such a motion, this case will be deemed dismissed with prejudice to its refiling.

**IT IS SO ORDERED**.

Dated this 8th day of August, 2007.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE